UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANNANG NINORTEY,

                Plaintiff,

      v.

C.O. GIBB, et al.,

                Defendants.

DECISION & ORDER

05-CV-6358P

## PRELIMINARY STATEMENT

Plaintiff Annang Ninortey initiated this action on June 2, 2005, alleging that corrections officers at the Attica Correctional Facility, the facility in which Ninortey was incarcerated at the time, assaulted him and failed to protect him from other inmates. (Docket # 11). Currently before the Court is the adequacy of plaintiff's response to an Order to Show Cause why the case should not be dismissed for failure to prosecute pursuant to Rule 41.2 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York. (Docket # 24).

Although this case has been pending for several years, the docket sheet reflects very little activity. Answers to plaintiff's complaint were filed on March 9, 2007, and a response was filed by plaintiff on March 12, 2007. (Docket ## 13-21). This Court thereafter scheduled a Rule 16 scheduling conference for February 7, 2008. When plaintiff failed to appear for the conference in person or by telephone, the conference was rescheduled for March 5, 2008. Again,

plaintiff failed to appear.  Letters sent to plaintiff's address of record were returned to the Court as undeliverable.

On March 19, 2008, the Clerk of the Court issued the subject Order to Show Cause.  (Docket # 24).  Plaintiff responded to the Order on May 2, 2008, explaining that he had been homeless and unable to receive mail for several months.  (Docket # 27).  Plaintiff has since provided the Court with an updated address and requests that his case be permitted to proceed.  (Docket # 27).  Defendants have taken no position with respect to this motion.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for failure to prosecute, providing in relevant part:

> For failure of the plaintiff to prosecute or to comply with theses rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).  Although the rule refers to dismissal upon motion of a defendant, the Supreme Court has made clear that a court has the inherent authority to dismiss an action *sua sponte*.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statue but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious dispositions of cases"); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir.), *cert. denied*, 384 U.S. 1007 (1966).

Dismissal is warranted under Rule 41(b) where the record demonstrates a lack of due diligence by a plaintiff in the prosecution of his lawsuit. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Moreover, "[p]rejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y. 1978) ("The operative condition for a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, 'not a showing by defendant that it would be prejudiced'") (quoting *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956)). Applying these standards, courts frequently have found dismissal of a complaint justified when the plaintiff fails to take any specific or concrete actions over a substantial length of time. *See*, *e.g.*, *Fischer v. Dover Steamship Co.*, 218 F.2d 682, 683 (2d Cir. 1955) (plaintiff's failure to appear for deposition noticed seven months earlier, despite court order requiring his appearance, justified dismissal for failure to prosecute); *Myvett v. Rosato*, 2004 WL 1354254, *2 (S.D.N.Y. 2004) ("[t]hat nearly a year has elapsed since [plaintiff] took any steps to prosecute this case, such as responding to outstanding discovery requests, strongly counsels in favor of dismissal"); *West v. City of N.Y.*, 130 F.R.D. 522, 525-26 (S.D.N.Y. 1990) (plaintiff's inactivity for nineteen months warranted dismissal for failure to prosecute) (citing *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) and other cases). Nevertheless, dismissal is considered "a harsh remedy to be utilized only in extreme situations" *See Minnette v. Time Warner*, 997 F.2d at 1027 (internal quotations omitted).

In the case at bar, it is uncontested that little activity has occurred and that plaintiff's whereabouts were unknown from at least January 16, 2008 until April 14, 2008 – a period of approximately three months. Plaintiff apparently was unable to receive mail and failed

to provide the Court with an alternative means of contact.  In response to the Order to Show Cause, however, plaintiff has represented that he is now prepared to continue this litigation.  (Docket # 27).

On this record, I find that plaintiff's actions do not demonstrate the level of prosecutive delinquency justifying dismissal.  Plaintiff's case will therefore be permitted to proceed.

## **CONCLUSION**

For the foregoing reasons, this Court finds that plaintiff has demonstrated good cause why the matter should not be dismissed due to his failure to prosecute.  It is further

ORDERED, that a Rule 16 scheduling conference will be held on **June 12, 2008**, at **10:30 a.m.  The parties may participate by telephone and should call chambers at (585) 613-4080 promptly at 10:30 a.m. to be connected into the conference.**

At the conference, parties will be expected to discuss all pretrial matters referred to in Rule 16(a), (b), (c) and (e) of the Federal Rules of Civil Procedure, and Local Rule 16.1.  In particular, parties will be expected to discuss the possibility of early settlement of the action and advise the Court whether a formal settlement or mediation conference is appropriate or desired.  Parties will also inform the Court as to the status of all discovery which has been either completed or scheduled as of the date of the conference.

Parties shall be prepared to propose specific dates in response to the enclosed form order in accordance with Fed. R. Civ. P. 16(b) and (e).

The Magistrate Judge is available to conduct any or all proceedings in a jury or non-jury civil matter and to order the entry of judgment in the case pursuant to 28 U.S.C. § 636(c). Attached hereto is a Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge form, for consideration by the parties. **The parties are encouraged to consider such consents; however, it is emphasized that there will be no substantive adverse consequences should the parties elect not to do so.** Counsel are directed to discuss this option with their clients <u>prior</u> to the scheduled conference and advise the Court at the conference.

Following completion of the conference, a scheduling order will be entered in accordance with Fed. R. Civ. P. Rule 16(b).

**IT IS SO ORDERED.**

<i>s/Marian W. Payson</i><br>
MARIAN W. PAYSON<br>
United States Magistrate Judge

Dated: Rochester, New York
       May  14 , 2008