UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANNANG NINORTEY,

         Plaintiff,

                    DECISION AND ORDER
   -v-                  05-CV-6358 CJS

C.O. GIBB, et al.,

         Defendants.
_____

  This is an action pursuant to 42 U.S.C. § 1983, in which Plaintiff, formerly a prison inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that Defendants, all employees of DOCS, violated his federal constitutional rights. Now before the Court is Defendants' unopposed motion for summary judgment [#38]. For the reasons that follow, Defendants' application is granted and this action is dismissed.

## BACKGROUND

  The facts of this case were set forth in a prior Decision and Order of the Court (Docket No. [#12]), and need not be repeated here. It is sufficient to note that on or about May 1, 2005, Plaintiff was attacked by three inmates in the recreation yard at Attica Correctional Facility ("Attica"). Plaintiff believes that the attack may have been orchestrated by corrections staff, and that the motive for the attack was that staff and/or inmates were jealous of his relationship with a female nurse employed at Attica. Plaintiff was subsequently issued a misbehavior report, based on his alleged failure to report the assault in a timely manner, and he was convicted of the charge, following a disciplinary hearing at which he maintains his due process rights were violated. After serving a thirty-day disciplinary sentence in keeplock, Plaintiff was returned to his former cellblock. Plaintiff believed that he was in

danger there, so he faked a suicide attempt, in order to be placed in the Mental Health Unit ("MHU"). During his time in the MHU, Plaintiff alleges that he was assaulted by corrections staff, while they were attempting to administer him medication.

On September 30, 2008, Plaintiff was deposed in connection with this action. During the deposition, Plaintiff testified that he was familiar with the inmate grievance system, and that he utilized it in connection with unrelated matters that occurred both before and after the incidents at issue here. (Plaintiff's Dep. at 44). However, in connection with this action, the only grievance that Plaintiff filed was a grievance requesting that he be transferred to a different facility. *Id*. at 44-45, 55-56. Plaintiff did not file a grievance concerning any of the matters complained of in this action.

Plaintiff offered various reasons why he did not file a grievance. For example, he stated that grievances were "basically used for problems that could be resolved and there wasn't anything that could be resolved if you file a grievance on being assaulted." (Pl. Dep. at 44; see also, *Id*. at 58, 60-61).[1] Plaintiff also indicated that he did not believe that he could file a grievance concerning the alleged false disciplinary charge. *Id*. at 59. In that regard, Plaintiff stated, "That's what I was told by most officials that I wrote to in Albany, from the Commissioner, from the Inspector General's Office, is that there's certain things that you can't investigate and that you had to file a claim to have it properly investigated." *Id*. at 59-60. Plaintiff further stated, in conclusory fashion, that complaints that he had written about other matters had been ignored. *Id*. at 56-57.

---

[1] Plaintiff also stated that, during a subsequent period in his incarceration, while he was in the Special Housing Unit ("SHU"), be believed that his grievances "went into the garbage." (Pl. Dep. at 45). However, he does not claim that he attempted to file grievances concerning the instant case that were discarded.

2

On January 16, 2009, Defendants filed the subject summary judgment motion, contending, *inter alia*, that Plaintiff failed to comply with the exhaustion requirement found in 42 U.S.C. § 1997e(a).[2] The Court issued a Motion Scheduling Order [#43], directing Plaintiff to file any opposing papers by June 5, 2009. To date, Plaintiff has not filed any response.

## DISCUSSION

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)), *cert denied*, 517 U.S. 1190 (1996).

The burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*,

---

[2]Plaintiff was served with an Irby notice. *See*, Docket [#39].

3

477 U.S. 242, 250 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249; *see also*, FED. R. CIV. P. 56(e)("When a motion for summary judgment is made and supported as provided in this rule, and adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993). The parties may only carry their respective burdens by producing evidentiary proof in admissible form. FED. R. CIV. P. 56(e). Moreover, since Plaintiff is proceeding *pro se*, the Court is required to construe his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

<u>*Exhaustion of Administrative Remedies*</u>

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, in order to satisfy 42 U.S.C. § 1997e(a), a plaintiff must file a grievance with respect to the challenged behavior. Assuming that the grievance is

4

denied, he must then exhaust the grievance appeal process, by appealing to the facility Superintendent, and then to CORC.

However, the Second Circuit has identified circumstances in which an inmate's unsuccessful attempt to exhaust may still meet the exhaustion requirements of § 1997e(a). *See Hemphill v. N.Y.*, 380 F.3d 680 (2d Cir.2004), *Giano v. Goord*, 380 F.3d 670 (2d Cir.2004), *Johnson v. Testman*, 380 F.3d 691 (2d Cir.2004). In that regard,

> [w]hile the Second Circuit has recognized that the PLRA's exhaustion requirement is mandatory, it has also recognized three exceptions to the exhaustion requirement: "when (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement."

*Chisholm v. New York City Dept. of Correction,* No. 08 Civ. 8795(SAS), 2009 WL 2033085 at *2 (S.D.N.Y. Jul. 13, 2009) (*quoting Ruggiero v. County of Orange*, 467 F.3d 170, 175 (2d Cir. 2006)).

Here, Defendants have met their initial burden on summary judgment by establishing that Plaintiff never grieved or exhausted his administrative remedies concerning any of the claims in this action. Plaintiff did not respond to the motion. Moreover, at his deposition, Plaintiff offered only conclusory excuses for his failure to exhaust his remedies. None of those excuses qualifies as an exception to the exhaustion requirement. Plaintiff does not claim that administrative remedies were unavailable or that Defendants prevented him from using them, nor has he offered any reasonable explanation for his alleged belief that he could not file grievances over these matters. Consequently, the Court finds that Defendants are entitled to summary judgment.

CONCLUSION

Defendants' motion for summary judgment [#38] is granted, and this action is dismissed. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

Dated:      October 1, 2009
              Rochester, New York

                                                        /s/ Charles J. Siragusa
                                                        CHARLES J. SIRAGUSA
                                                        United States District Judge